IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE LUIS GARCIA,　　　　　　　　　　　No. 2:14-CV-0865-CMK-P

　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　　　ORDER

FRED FOULK,

　　　　Defendant.

　　　　　　　　　　　　　　　　　/

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 16).[1]

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[1] Plaintiff's original complaint was dismissed with leave to amend. Plaintiff filed his first amended complaint on October 31, 2014. On November 20, 2014, plaintiff filed a second amended complaint as of right. See Federal Rule of Civil Procedure 15(a)(1). This action, therefore, proceeds on the second amended complaint which superceded the first amended complaint.

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

As with plaintiff's original complaint, Fred Foulk is the only named defendant. Plaintiff, however, fails to include any factual allegations as to this individual. It thus appears that, despite the court's prior guidance on the issue, plaintiff is either unable or unwilling to allege facts sufficient to state a claim against Foulk.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim. Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110.

IT IS SO ORDERED.

DATED: May 21, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE