IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS GARCIA, | No. 2:14-CV-0865-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| FRED FOULK, | |
|     Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's second amended complaint (Doc. 16).[1]

/ / /

/ / /

---

[1] Plaintiff's original complaint was dismissed with leave to amend. Plaintiff filed his first amended complaint on October 31, 2014. On November 20, 2014, plaintiff filed a second amended complaint as of right. See Federal Rule of Civil Procedure 15(a)(1). This action, therefore, proceeds on the second amended complaint which superceded the first amended complaint.

1

1         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

        As with plaintiff's original complaint, Fred Foulk is the only named defendant. Plaintiff, however, fails to include any factual allegations as to this individual. It thus appears that, despite the court's prior guidance on the issue, plaintiff is either unable or unwilling to allege facts sufficient to state a claim against Foulk. Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim;

2. All pending motions (Docs. 15, 17, 18, 21, and 22) are denied as moot; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: July 16, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE